**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcea Wilson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-01866-PHX-SMB<br><br>**ORDER** |

  At issue is the denial of Plaintiff Marcea Wilson's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 10), seeking judicial review of that denial. The Commissioner of the SSA ("Commissioner") filed an Answering Brief (Doc. 13), to which Plaintiff replied (Doc. 15). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 9), and the Administrative Law Judge's ("ALJ") decision (Doc. 9-3 at 13–38), and will vacate the ALJ's decision in part and remand for further proceedings, for the reasons addressed herein.

**I. BACKGROUND**

  Plaintiff filed an Application for SSDI benefits in August 2017, alleging a disability beginning in June 2010. (Doc. 9-3 at 16.) Plaintiff's claim was initially denied in October 2017 and denied again upon reconsideration in February 2018. (*Id.*) An in-person hearing was held in November 2019 before ALJ Earl Cates, and a second, supplemental telephone

hearing was held in May 2020. (*Id.* at 16.) During the May 2020 hearing, Plaintiff amended her alleged disability date to June 3, 2016. (*Id.*) Another supplemental telephone hearing was held before ALJ Patricia Bucci on April 20, 2021. (*Id.* at 16, 38.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including multilevel degenerative disc disease with stenosis, obesity, fibromyalgia, asthma, sleep apnea, depression, anxiety, post-traumatic stress disorder, schizoaffective disorder, borderline intellectual functioning, ADHD, and opioid dependence in reported remission. (*Id.* at 20–21.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work. (*Id.* at 25.) Consequently, Plaintiff's Application was again denied by the ALJ on June 25, 2021. (*Id.* at 38.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (*Id.* at 2.)

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. DISCUSSION

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony, weighing the medical opinion evidence, and analyzing whether

1 Plaintiff was disabled under the Step 3 analysis. (Doc. 10 at 10, 14–15.) The Commissioner argues that the ALJ's opinion is supported by substantial evidence and free of legal error. (Doc. 13 at 21.) The Court has reviewed the medical and administrative records and agrees with the Plaintiff for the following reasons.

**A. Plaintiff's Symptom Testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ improperly rejected her symptom testimony and mischaracterized the evidence, including her difficulty finding words and having auditory hallucinations. (Doc. 10 at 17, 19.) The Commissioner argues the ALJ correctly found that Plaintiff's statements about the intensity, persistence, and limiting effects of her

symptoms were inconsistent with the objective medical evidence. (Doc. 13 at 10.)

The ALJ noted that Plaintiff had mild, normal, or stable conditions. (*See* Doc. 9-3 at 33.) Plaintiff's MRI's showed mild or minimal spinal canal stenosis with some improvement from treatment. (Doc. 9-42 at 36, 51.) Although Plaintiff asserts her fibromyalgia is not treatable with surgery, her medical records do show positive treatment with medication. (Doc. 9-19 at 107–08.) Plaintiff's physical exams showed normal strength and gait, and she showed stability on medications despite needing some inpatient treatments. (Docs. 9-31 at 95–97 (normal muscle bulk and tone with 5/5 strength); 9-45 at 20–21, 32, 42 (stable mood), 44 (gait within normal limits.) The ALJ also noted Plaintiff's complaints regarding her ability to find words (Doc. 9-3 at 33), but Plaintiff concedes that her medical records do not address that symptom (*see* Doc. 10 at 14). The Court rejects Plaintiff's assertion that the ALJ cherry-picked medical records about whether Plaintiff experienced hallucinations. The exhibits cited by the ALJ show that Plaintiff reported no hallucinations on December 30, 2019, reported experiencing hallucinations on January 2, 2020, and reported no hallucinations again on January 7, 2020. (Docs. 9-31 at 81, 85; 9-36 at 108, 113.) The Court thus finds that substantial evidence supports the ALJ's findings as to Plaintiff's symptoms. *See Biestek*, 139 S. Ct. at 1153.

### B. Evaluation of Medical Testimony

Claims, such as Plaintiff's, that are filed on or after March 27, 2017, are subject to amended regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). Plaintiff filed her claim in August 2017. Applying these new regulations, the Ninth Circuit held that an ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)(2)) (internal citation omitted).

Plaintiff argues the medical opinion evidence does not support the RFC. Plaintiff

contends the ALJ erred by failing to explain how Dr. Nellis' opinion was supported by and consistent with the evidence. (Doc. 10 at 12.) Specifically, Plaintiff criticizes Dr. Nellis' failure to assign a limitation on interactions with supervisors, Dr. Nellis' description of Plaintiff's ability to reason, and the "perceived inconsistency" of her auditory hallucinations. (*Id.* at 12–13.) The Commissioner asserts Plaintiff is conflating Dr. Nellis' opinion with the ALJ's responsibility to craft the RFC, and Plaintiff's medical records reflect the ALJ's describing the auditory hallucination evidence as inconsistent. (Doc. 13 at 16–17.)

Here, the ALJ found Dr. Nellis' opinion not fully persuasive because Dr. Nellis did not include specific vocational terms in her assessment and because Plaintiff's reports of auditory hallucinations were inconsistent. (Doc. 9-3 at 34.) As noted above, the Court agrees that reports of Plaintiff's hallucinations were inconsistent. Despite Plaintiff's reporting "auditory command hallucinations . . . daily" (*see* Doc. 9-31 at 82), Plaintiff's medical records showed conflicting reports, *supra* Sec. III(A). Plaintiff contends Dr. Nellis' opinion that Plaintiff could remember simple instructions but have difficulty with more complicated instructions is consistent with a finding of reasoning level 1. Plaintiff does not dispute the limitations themselves, but rather the categorization of those limitations. (Doc. 10 at 12.) The Court rejects Plaintiff's contention because the RFC included that Plaintiff can understand, remember, and carry out simple instructions "consistent with a GED reasoning level of 2 *or below*." (Doc. 9-3 at 25) (emphasis added).

However, Plaintiff is correct that the ALJ found Dr. Nellis' recommendation for limited interaction with coworkers and supervisors supported by and consistent with the record—but the ALJ did not include this limitation in the RFC or include such a limitation in hypotheticals posed to the vocational expert. (*See* Docs. 9-3 at 25, 34; 9-4 at 138.) Plaintiff contends the ALJ's step-5 analysis amounted to harmful error because Plaintiff's RFC does not state all relevant limitations. (Doc. 10 at 12.) The Court agrees. The Court "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability

determination." *Tommasetti*, 533 F.3d at 1038.  Here, the Court cannot say that the ALJ's error was inconsequential because the ALJ's hypothetical—and the vocational expert's testimony—did not include limited interaction with supervisors.  *See Holden v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01437-PHX-SMB, 2023 WL 2186574, at *5 (D. Ariz. Feb. 23, 2023) ("[A]ny hypothetical an ALJ poses to a vocational expert from the RFC 'must set out all the limitations and restrictions of the particular claimant.'" (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).  Agreeing that this omission amounts to harmful error, the Court will remand for further administrative proceedings to ascertain whether limited interactions with supervisors impacts the quantity and quality of jobs available to Plaintiff.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further proceedings is appropriate if enhancement of the record would be useful.") (Emphasis omitted).

### C. Step-3 Analysis

Plaintiff argues the ALJ committed harmful error by not finding Plaintiff disabled under Listing 12.06—anxiety and obsessive-compulsive disorders.  (Doc. 10 at 14); 20 C.F.R. Part 404, Subpt. P, App'x 1.  Specifically, Plaintiff argues the ALJ did not explain her finding for moderate limitations in the paragraph B criteria or explain any findings under the paragraph C criteria.  (Doc. 10 at 14.)  The Commissioner argues the ALJ's findings were supported by substantial evidence.  (Doc. 13 at 6.)

To be considered disabled for a mental disorder under Listing 12.06, a claimant must satisfy the requirements of both paragraphs A and B or paragraphs A and C.  20 C.F.R. Part 404, Subpart P, App'x 1 12.06.  Paragraph A requires medical documentation of an anxiety disorder, panic disorder or agoraphobia, or obsessive-compulsive disorder.  *Id.* at 12.06(A).  Satisfaction of Paragraph B requires:
> Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).

*Id.* at 12.06(B).  Satisfaction of Paragraph C requires the mental disorder to be "serious and

persistent," meaning the documented history of that disorder for at least two years and evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

*Id.* at 12.06(C).

The ALJ found that the "severity of [Plaintiff's] mental impairments, considered singly and in combination, does not meet or medically equal the criteria of listings 12.06." (Doc. 9-3 at 24.) The ALJ found Plaintiff did not have a single extreme or marked limitation for any Paragraph B criteria and instead found Plaintiff had moderate limitations for all four areas of mental functioning. (*Id.* at 24–25.) The Court rejects Plaintiff's assertion that the ALJ failed to adequately explain the Paragraph B findings. Each of the four criteria were supported by citations to evidence of Plaintiff's daily living activities and Plaintiff's interactions with medical providers. (*See id.*) Each criterion was addressed with a detailed, reasoned analysis to weigh the severity of each limitation. In contrast, Plaintiff asserts only conclusory arguments that the ALJ failed to sufficiently analyze them. The Court finds the ALJ's findings as to the Paragraph B criteria to be supported by substantial evidence.

The ALJ also found that the evidence did not establish the satisfaction of the Paragraph C criteria. (Doc. 9-3 at 25.) The ALJ identified no "medically documented history on file that these [disorders] are serious and persistent in nature. That is, [Plaintiff] did not have a serious and persistent depressive, anxiety or related disorder lasting at least two years," with the necessary evidence outlined in Paragraph C. (*Id.*) Plaintiff lodges a similar assertion that the ALJ made only conclusory remarks as to these criteria. (Doc. 10 at 14–15.) But Plaintiff points to no evidence—and the Court has found none—to rebut the ALJ's findings as to Paragraph C. As such, the Court finds the ALJ's findings to be supported by substantial evidence.

### IV. CONCLUSION

Therefore,

**IT IS ORDERED** vacating the June 25, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment consistent with this order and terminate this case.

Dated this 14th day of March, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge